Murray, State's Attorney, v. Whitmore.

1. The supreme court may entertain a motion to dismiss an appeal, though the transcript was not on file in that court when the motion was noticed for hearing, provided it be received and filed on the day the notice is argued.

2. An appeal in an election contest case will be dismissed unless taken within 60 days after entry of final judgment, as required by Comp. Laws, § 1498, though such period may not have elapsed since the denial of a motion for new trial.

(Opinion filed Oct. 28, 1896.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

Action by Oscar O. Murray, state's attorney for Lake county, on the relation of Charles Bingham, against William Whitmore, to contest defendant's election to the office of mayor of the city of Madison. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Appeal dismissed.

The facts are stated in the opinion.

*George R. Farmer* and *C. E. DeLand,* for appellant.

*Aikens, Bailey & Vorhees,* for respondent.

HANEY, J. This action was instituted to contest the election of defendant to the office of mayor of the city of Madison, under the provisions of Compiled Laws, §§ 1489-1501, inclusive. It was tried by a referee, who filed a report and decision in favor of plaintiff. The report was accepted by the court, and judgment entered thereon. Subsequently a motion for a new trial was heard and denied, and defendant appealed from the judgment and from the order denying a new trial. Respondent moved to dismiss the appeal upon two grounds: (1) Because the appeal was not taken within 60 days after the entry of final judgment; and (2) because the trial court had no jurisdiction to entertain a motion for a new trial.

Appellant objects to any consideration of the motion to dismiss, for the reason that the transcript was not on file in this court when such motion was noticed for hearing. It was received and filed on the day the motion was argued. This objection is not well taken. The jurisdiction of this court does not depend upon the filing of the transcript. That is not one of the acts required to transfer a case from the trial court to

this court. Bonnell v. Van Cise (S. D.) 67 N. W. 685. It was appellant's duty to immediately procure the transmission of the transcript. Comp. Laws, § 1498. He cannot take advantage of his own neglect.

Judgment was entered July 16, 1896. Defendant was given until September 1st to settle exceptions, serve notice of intention and move for a new trial. Exceptions were settled, a new trial denied, and no appeal taken until September, 24th, more than 60 days after entry of final judgment, but within 60 days after the order was made denying a new trial. Comp. Laws, § 1498, provides that appeals to the supreme court in these contest cases must be taken within 60 days after the entry of final judgment. An appeal is taken by serving the required notice. Comp. Laws, §§ 1497, 5215. Whether a motion for a new trial, in such cases, is authorized by the statute, need not be decided at this time, as it seems clear that if any order granting or denying a motion for a new trial may be appealed from, such an appeal must be taken within 60 days from the entry of final judgment. In other words, the time within which one of these contest cases can be transferred to the supreme court, by an appeal from a final judgment or other appealable order, if any such orders are appealable, is limited to 60 days from the entry of final judgment. This construction seems to be warranted by the plain and unmistakable language of the statute. It is in harmony with the evident purpose of the law, to afford a speedy method of determining election contests. Defendant having failed to take an appeal within the time prescribed by statute, this court is without jurisdiction, and the appeal must be dismissed. It is so ordered.