BOSTICK v. BARNES.

1. CAUSE OF ACTION—DOWER—PLEADINGS.—A COMPLAINT for dower against more than one defendant in possession of different tracts of land aliened by husband in one tract, states only one cause of action.
2. DOWER—PLEADINGS.—Can a widow maintain one action for dower against two or more defendants in possession of separate tracts of land aliened by husband as one tract, when her inchoate right of dower attached?
3. IBID.—IBID.—MOTION TO MAKE DEFINITE—DEMURRER.—IF A COMPLAINT for dower does not sufficiently state the number of acres in the land and boundaries, objection must be taken by motion to make more definite, and not by demurrer.

Before TOWNSEND, J., Hampton, January, 1900. Reversed.

Action for dower by C. E. Bostick against W. D. Barnes, J. W. Sanders and Jackson Smart. From Circuit order sus-

taining defendants' demurrer, the plaintiff appeals on the following exceptions:

"I. That his Honor erred in deciding that the complaint showed on its face that several causes of action were improperly united; whereas, he should have decided that the complaint showed but one cause of action, and that all of defendants were properly made parties thereto.

"II. That should it be considered that the parties defendant were improperly joined, this vice in the pleading could not be taken advantage of by·demurrer on the ground of misjoinder of causes of action, and his Honor erred in so deciding.

"III. That his Honor erred in deciding that the second ground stated in the demurrer and mentioned in the order was ground of demurrer at all; whereas, he should have held that the location and description of the land in which dower is claimed, were sufficiently definite and certain; and even if not so, that the proper proceeding to correct the same would have been by motion to make more definite.

"IV. That the several demurrers contained in the first and second grounds are mutually inconsistent and destructive, the one of the other (the third was abandoned at the hearing), and his Honor erred in not dismissing the demurrer on this ground.

"V. That his Honor erred in deciding that the complaint should be dismissed as to any of the parties in any view of the case."

*Mr. A. McIver Bostick,* for appellant, cites: *Practice in this State for dower is to bring an action jointly against persons in·charge of separate parcels of land:* Rev. Stat., 1915-1917; 20 S. C., 560. *Vice complained of, if any, is misjoinder of parties:* 24 S. C., 39. *First and second grounds of demurrer annihilate each other: Westlake* v. *Farrow,* 34 S. C.; *Lowry* v. *Jackson,* 27 S. C., 53 S. C., 519. *Remedy as to defect in stating a case, &c., is by motion and not demurrer: Burr* v. *Brantley,* 40 S. C.; *Holland* v. *Kemp,* 27 S.

C.; *Garrett* v. *Weinberg,* 50 S. C.; *Jackson* v. *Jackson,* 36 S. C.

*Mr. W. J. Thomas,* contra, cites: *One action should be had against each tract:* 34 Mo., 13; 34 S. C., 189; 1 Bail., 277; 1 Bay, 504; 18 S. C., 396; 20 S. C., 367; 24 S. C., 35.

September 18, 1900.  The opinion of the Court was delivered by

Mr. Chief Justice McIver.  The question in this case arises upon a demurrer to the complaint, and it will, therefore, be necessary to state substantially the allegations of the complaint, which are as follows: 1st. That the plaintiff was the wife of Benj. R. Bostick, deceased, who died on the 23d day of March, 1899.  2d. That said Benj. R. Bostick, during his coverture with plaintiff, was seized in fee of a certain tract of land, known as the "Chisholm place," containing 1,000 acres, more or less, and setting forth the boundaries of said tract.  3d. That during the said coverture the said tract of land was sold under proceedings to foreclose a mortgage, executed during said coverture, and upon which plaintiff had not renounced her right of dower, and that said land is now subject to her right of dower, which has become an absolute estate by the death of the plaintiff's husband.  "4th. That said tract of land has within recent years been purchased by the defendant, W. D. Barnes, and the same is now in his possession, except a portion thereof, to wit: about 600 acres thereof, purchased by the defendant, J. W. Sanders, from the defendant, Barnes; that the said 600 acres being now in the possession of the said defendant, Sanders, and the defendant, Jackson Smart, to whom the said J. W. Sanders has sold a portion thereof."

To this complaint the three defendants jointly demurred upon three grounds: 1st. Because "It appears upon the face of the complaint that several causes of action have been improperly united, in that defendants hold and possess their pieces of land separate and distinct; that each defendant

bought his piece of land at separate and distinct times, and do not hold title in common, or as codefendants, to any of the lands named in the complaint herein. 2d. That the complaint does not designate the number of acres or location of the lands held by either of said defendants." The third ground of demurrer having been abandoned, need not be stated here.

The case was heard by his Honor, Judge Townsend, who rendered judgment sustaining the demurrer upon the two grounds above set out—especially the first—and granting plaintiff leave to amend her complaint upon the payment of the costs. From this judgment plaintiff appeals upon the several exceptions set out in the record, which will be incorporated by the reporter in his report of the case.

We propose to consider, first, the first exception, which raises the question whether the Circuit Judge was in error in holding that the complaint shows on its face that several causes of action were improperly united. It seems to us that the complaint states but a single cause of action, which the plaintiff is seeking to enforce against the three defendants. It shows that the plaintiff, by her marriage with Benj. R. Bostick, united with his seizin in fee during the coverture of a particular tract of land known as the "Chisholm place," containing 1,000 acres, more or less, and described by metes and bounds, and acquired an inchoate right of dower, which has become absolute by the death of her husband. The further facts stated in the complaint as to the sale of this tract of land under foreclosure proceedings against Benj. R. Bostick in his lifetime, and the subsequent purchase by defendant, Barnes, of said tract, together with his sale of a portion thereof to the defendant, Sanders, and his sale of a portion of his purchase to the defendant, Smart, do not in any way effect the plaintiff's single cause of action for dower in the original tract, to which she had acquired an inchoate right of dower, which afterwards became absolute by the death of her husband, certainly did not convert her cause of action into three different causes of action. At

most such allegations only served to indicate against whom her single causes of action might be enforced.

The case of *Hellams* v. *Switzer*, 24 S. C., 39, sustains our view. In that case a number of riparian proprietors of lands lying on a stream, united in a single action to recover damages from the defendant, arising from the construction of a dam across said stream by the defendant, whereby the lands of the plaintiffs were overflowed. The defendant demurred to the complaint upon the ground "that several causes of action were improperly united in this; that it appears on the face of the complaint that the several plaintiffs are owners of separate and distinct tracts of land, and that one plaintiff has no interest in the lands of the others." The demurrer was overruled upon the ground that the complaint did not purport to state more than one cause of action. In delivering the opinion of the Court, Mr. Justice McGowan used language so pertinent to the case under consideration that we quote it as follows: "The plaintiffs having made no effort to state, perfectly or imperfectly, several causes of action, but all having joined in one, it seems to us that this is not a case for the application of the rules which govern the joinder of actions, but rather of those which apply to the joinder of parties. If so, the written demurrer of the defendant complaining of a misjoinder of causes of action does not reach the point which the defendant manifestly intended to make, in reference to the separate ownership of the lands by the different plaintiffs in the united action. Whether the several plaintiffs, owning the different parcels of land claimed to be damaged, could be united in one joint action, is a different question, which we will now proceed to consider," under the second demurrer made orally at the hearing, based upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and the Court held that the second demurrer must be sustained because there was no allegation in the complaint tending to show that the plaintiffs had a *joint* cause of action. But in the case now under consideration there was no demurrer upon the ground that

the complaint failed to state facts sufficient to constitute a cause of action; and hence that question is not properly before us. But as the question mainly argued was whether the plaintiff, under the facts stated in her complaint, could maintain a joint action against the defendant, we may say, to avoid misapprehension, that we are not, as at present advised, prepared to admit the proposition contended for by counsel for respondents—that such an action cannot be maintained. It will be observed that this is not a case in which the plaintiff is seeking to obtain her dower out of land which was held by her husband in separate and distinct tracts at the time her inchoate right of dower attached, and which are now held by three separate and distinct proprietors, but it is a case in which the plaintiff is demanding her dower out of land held by her husband as one single tract known as "the Chisholm place," containing 1,000 acres, with specified boundaries, which was sold under the foreclosure proceedings as one tract, and afterwards bought by the defendant, Barnes, as one tract, all of which he is now in possession, except that portion which he has sold to the defendant, Sanders, who is now in possession of the portion which he bought from Barnes, except that which he sold to the defendant, Smart. So that it appears from the allegations of the complaint that the land out of which the plaintiff is claiming dower, was a single tract at the time her inchoate right of dower attached; that it was so held by her husband until it was sold under the foreclosure proceedings as a single tract; that it was subsequently bought by the defendant, Barnes, as a single tract, and so held by him until portions thereof were sold to the other defendants. Under these circumstances we are not prepared to hold, if the question were properly before us, that the plaintiff cannot maintain this joint action against those who are now in possession of different portions of the original tract of land. Indeed, there seems to be a conflict of authority as to whether a widow can maintain a joint action for dower against several alienees of different tracts of land to which her inchoate right of dower had attached

before alienation, or whether she must sue each alienee separately. In 7 Enc. of Pls. & Prac., 179, it is said that in such a case the widow may do either, and cases are cited from Virginia and Kentucky to sustain that doctrine. But there are other cases cited to the contrary, some of which, we infer from what is said, are based upon special statutory provisions. See, also, Scrib. on Dower, chap. XXIX., sec. 1, which is quoted with approval by Mr. Justice McGowan, in his separate opinion, in *Shell* v. *Duncan,* 31 S. C., at page 574, and 2 Scrib. on Dower, chap. 7, sec. 20. So far as we are informed, we have no distinct authority upon the subject, though our statutes upon the subject seem to imply that the action for dower may be brought jointly against all persons who may be in possession of any of the lands out of which dower is claimed. Rev. Stat., sec. 1915-1923, especially sec. 1916 and sec. 1919, where the commissioners are authorized to employ a surveyor "to run the lines of the said lands *and also the division lines thereof"*—the words which we have italicised seeming to contemplate such a case as this. So, also, the case of *Shelton* v. *Shelton,* 20 S. C., 560, while not deciding the point which we have been considering, does seem to imply that a widow might bring a joint action against all persons who are in possession of any of the tracts of land out of which dower was demanded. There it was contended that the widow was *bound* to bring her action against all of the three devisees of the land which the testator had devised to three persons separately by metes and bounds, and the Court held that she might bring her action separately against one of the three, saying: "She may not intend to claim dower in the other parcels." It seems to us that the Circuit Judge erred in sustaining the demurrer on the first ground, and, therefore, the first and second exceptions must be sustained.

Under this view the second ground of the demurrer is clearly untenable, for the complaint does state the number of acres in, and give the boundaries of, the original tract of land, to which the inchoate right of dower had at-

tached before there was any alienation of the land.

But in any view, the vice complained of by the second ground of demurrer was remediable by a motion to make the allegations of the complaint more definite and not by demurrer.

The judgment of this Court is, that the judgment of the Circuit Court sustaining the demurrer to the complaint be reversed, and the case remanded to that Court for such further proceedings as may be necessary.