## JENSEN v. PETTY.

1. Comp. Laws, §1497, provides that appeals from any final judgment or decision of the circuit court in election contest cases shall be taken in the manner prescribed in the Code of Civil Procedure; and section 1498 provides that appeals to the supreme court in election contest cases must be taken within sixty days after the entry of final judgment. *Held*, that an appeal does not lie from an order vacating a default judgment in an election contest case.

2. Where plaintiff appealed from an order vacating a default judgment in his favor in an election contest case, an appeal by defendant from the default judgment must be dismissed, since, the order not being appealable, plaintiff's appeal did not operate as a stay of the vacating order.

(Opinion filed April 27, 1901.)

Appeal from circuit court, Fall River county, HON. JOSEPH B. MOORE, Judge.

Action by Christian L. Jensen against Edmund Petty. From an order vacating a default judgment in favor of plaintiff, plaintiff appeals, and defendant appeals from the default judgment. Both appeals dismissed.

*E. L. Grantham, Cleveland & Juckett,* and *C. E. DeLand,* for plaintiff.

*Kellar & Kellar, Moody, Kellar & Moody,* and *Horner & Stewart,* for defendant.

HANEY, J. This is an election contest under Comp. Laws, §§ 1489 to 1501, inclusive. On December 14, 1900, judgment was entered in favor of the plaintiff upon an alleged default. On De-

cember 22, 1900, the judgment was vacated upon the application of defendant to set aside the default. On January 2, 1901, an appeal was taken by the plaintiff from the order vacating the judgment, and on January 4, 1901, defendant appealed from the default judgment. Each party now moves to dismiss the other's appeal.

The order vacating the default judgment is not appealable. The statute permits appeals to be taken in these election contest cases only from final judgments and decisions. This is evident from the language of the statute. It provides that appeals from "any final judgment or decision of the circuit court or judge thereof shall be taken in the manner provided for in the Code of Civil Procedure," and "that appeals to the supreme court in contests under the provisions of this act must be taken within sixty days after the entry of final judgment." Comp. Laws, §§ 1497, 1498. No appeal lies until after the entry of a final judgment. The language of the statute is plain and unmistakable. It does not permit independent appeals from any interlocutory orders. This conclusion is consistent with the evident purpose of the legislature to provide a speedy method of hearing and determining election contests. Plaintiff's appeal is dismissed because the order appealed from is not appealable. It follows that defendant's appeal from the default judgment should also be dismissed. The order vacating that judgment not being appealable, its operation was not stayed; hence there was no judgment when defendant's appeal was taken. Both appeals having been considered together, all the costs and disbursements allowable in this court will be taxed in favor of defendant.