8099

### KIRBY v. KELLY.

1. PLEADINGS—DOWER.—Finding by a grand jury of a true bill charging a wife with adultery is only evidentiary matter in a suit by the wife for dower, and striking out such defense is not error.
2. APPEAL.—Striking out evidentiary matter is not appealable.
3. DOWER.—ISSUES OUT OF CHANCERY in a case for dower held not objectionable on the ground that more than one issue was included in the

query sent to the jury, as the jury must find both issues in the negative to give a negative answer.

4. Jurisdiction—Holiday.—Merely calling the Court's attention to the fact that the morrow is a holiday and asking if the case then being tried would be continued on the morrow, but not objecting on that day to going on with the trial, is a waiver of the right to now object to the trial going on on that day.

5. Ibid.—Dower.—The Court in one county has jurisdiction to decree dower in land in another in a suit against joint defendants for dower in tracts of land situated in both counties.

Before Prince, J., Sumter, January, 1911.    Affirmed.

Action by Annie E. Kirby against Orlando D. Kelley *et al.* Defendants except.

*Messrs. A. B. Stuckey, Walter H. Wells* and *Lee & Moise,* for appellants.    *Mr. Stuckey* cites: *Orders striking out fourth defense is appealable:* Code of Proc., 11 sub. 2; 87 S. C. 98.    *Notice of appeal from this order acts as supersedeas:* Code of Proc. 356.    *Ordering case to trial on legal holiday over objection is illegal:* 57 S. C. 52; 15 S. C. 110; Code 1902, 3094, 2618; 2 Bail. 291.    *Exception involving jurisdiction may be raised at any time:* 25 S. C. 385; 28 S. C. 313; Code of Proc. 144.

*Mr. John H. Clifton,* contra, *oral argument.*

February 23, 1912.    The opinion of the Court was delivered by

Mr. Chief Justice Gary.    This is an action for dower. The complaint alleges, that the plaintiff was lawfully married to the late Daniel Kirby in 1880, and thereafter lived with him as his wife; that Daniel Kirby died on or about the 6th of November, 1908; that during such coverture, Daniel Kirby was seized and possessed of an estate of inheritance, in the following tracts of land; (then follows the description of five tracts of land, four of which are situate in the county of Sumter, and one in Lee county); that she

is entitled to dower in each of said tracts, which are now in possession of the respective parties, who are made defendants in this action.

The defendants, after denying certain allegations of the complaint, set up the defense, that some years prior to the death of the said Daniel Kirby, the plaintiff willingly left her husband, and lived in adultery with one William Hinson and others, and continued with her said advouter or advouters, until the death of her husband; and for these reasons, they claim the benefit of section 2387, volume I of the Code of Laws.

They also interposed as a fourth defense, that the grand jury for Florence county, in 1907, found a true bill against the plaintiff and William Hinson for adultery, and that thereupon the plaintiff fled the State and remained away, until after the death of Daniel Kirby.

After the filing of the answer, both the plaintiff and the defendants gave notice, that they would make motion to submit certain issues to the jury.

Thereafter, to wit, on the 5th day of July, 1910, the plaintiff gave notice that, upon the call of the case, she would make a motion to strike out the fourth defense on the ground that it was irrelevant and redundant, which motion was granted. Immediately, thereupon, the defendants served notice of intention to appeal from said order. When the case was called for trial the defendants contended, that the notice of intention to appeal acted as a *supersedeas* and made a motion to stay proceedings, until the case was finally determined, but the motion was overruled. Thereupon the motions to frame issues, for trial by a jury, were called up, and the defendants formally withdrew their motions.

His Honor, the presiding Judge, upon the plaintiff's motion, then ordered that the following issues be submitted to the jury: "Did the plaintiff prior to the death of her husband, Daniel Kirby, have an advouter, and willingly leave her

husband and go away and continue with him in adultery?"
The defendant's attorneys objected to the form of the order,
on the ground that the issues as to her having an advouter,
and the issue as to her willingly leaving her husband, and
going away and continuing with her advouter in adultery,
should have been separately submitted to the jury, but the
objection was overruled.

The following statement appears in the record:

"The trial thereupon proceeded upon the issues, set out in
the order above stated, which trial began Tuesday, November 22, 1910. The examination of witnesses consumed all
Tuesday, November 22d, Wednesday, November 23d, and
still in progress, at the hour for adjournment of the Court,
on the evening of the 23d of November. Thereupon the
defendants' counsel called the attention of the Court to the
fact, that the following day, Thursday, November 24th,
was Thanksgiving Day, a legal holiday, and suggested that
the Court adjourn further hearing of the cause until Friday
morning, November 25th, upon the ground that Thursday
was a legal holiday and that the Court had no right to continue the trial on Thanksgiving Day, and that the proceedings would be null and void. Whereupon the Court enquired
of the jurors whether they wished the case adjourned over
until Friday, and being by them assured, that they unanimously preferred to proceed on Thursday, ordered the further hearing of the case to proceed on Thursday morning,
November 24th, to which the defendants did not except.

"The cause thereupon did proceed on Thursday morning,
Thanksgiving Day, consuming the entire day, and was concluded on the afternoon of that day, the counsel for the
defendants making no further objections." The jury found
for the plaintiff upon the issues submitted to it.

Thereupon the Court proceeded to hear the cause upon
the remaining issues, which were decided in favor of the
plaintiff. During the hearing of the case, the defendants'
attorneys raised the question, that the Court did not have

jurisdiction of the tract of land lying in Lee county, but the objection was overruled.

The defendants appealed upon exceptions, the first of which is as follows:

"Because the presiding Judge erred, in striking out the fourth defense of the answer of the adult defendants, the same being a valid legal defense, based upon a public record, and the ruling of the presiding Judge thus precluding the defense, from offering any evidence upon the same, or of placing said record in evidence."

The so-called fourth defense, merely contained evidentiary matter, and therefore did not state facts sufficient to constitute a defense. It was therefore properly struck out. *Bolin* v. *Ry.*, 65 S. C. 222, 43 S. E. 665.

The second exception is as follows:

"Because the defendants, having served notice of intention to appeal from the ruling and order of the presiding Judge, striking out their fourth defense, moved that all further proceedings be stayed, pending said appeal, upon the ground that the notice of appeal operated as a *supersedeas,* his Honor erred in not sustaining the motion, and in ordering the trial to proceed."

The striking out of evidentiary matter, does not involve the merits, and is not appealable. An appeal in such case does not, therefore, act as a *supersedeas*. *Rhodes* v. *Ry.,* 68 S. C. 494, 47 S. E. 689.

The third exception is as follows:

"Because the presiding Judge erred in combining two separate, important issues of fact in one issue, to wit, the issue numbered first; submitting the issue of adultery and the issue of the wife going away and continuing with her advouter, in one query, requiring but one answer by the jury, and thereby denied the defendants the right to separate findings, upon the separate issues raised by the statute, to their inquiry, in that it is not known to which issue the answer 'No' by the jury is responsive."

We fail to see wherein the form of the issues was prejudicial to the rights of the appellants, as it was necessary for the jury to find both issues, in favor of plaintiff, before they could render a verdict in the negative.

The fourth exception is as follows:

"Because the presiding Judge erred, in not sustaining defendants' motion to adjourn the trial over from November 23d to November 25th, 1910, on the ground that the 24th of November, 1910, Thanksgiving Day, was a legal holiday, and the further progress of the trial on that day, rendered the same null and void under the statute of this State."

A careful reading of the statement in the record shows, that the intention of the appellants' attorney was, merely to call to the attention of the presiding Judge, the fact that the next day was a legal holiday in order that he might determine, whether the trial should then proceed, but it does not appear, that they interposed an objection to the trial of the case next day. They therefore waived the right to insist upon such objection.

The fifth exception is as follows:

"Because the presiding Judge erred in holding, that he had jurisdiction in this action, to adjudge the rights of the plaintiff and defendants, in a separate tract of land described in the complaint, situate wholly within the county of Lee, in said State, and in making his decree thereon."

The Court in the case of *Bostick* v. *Barnes,* 59 S. C. 22, 37 S. E. 24, speaking through Mr. Chief Justice McIver, uses this language: "So far as we are informed, we have no distinct authority upon the subject, though our statutes upon the subject seem to imply, that the action for dower may be brought jointly, against all persons who may be in possession of any of the lands, out of which dower is claimed * * *. The case of *Shelton* v. *Shelton,* 20 S. C. 560, while not deciding the point, which we have been con-

sidering, does seem to imply, that a widow might bring a joint action against all persons who are in possession of any of the tracts of land, out of which dower was demanded." If an action for dower may be brought jointly, against all persons who may be in possession of any of the lands, out of which dower is claimed, as seems to be the law in this State, then the fact that part of the lands, may be in one county and part in another, would not deprive the Court of jurisdiction. *Harnett* v. *Watts,* 13 S. C. 441.

Judgment affirmed.

MESSRS. JUSTICES WOODS *and* HYDRICK *participate in this opinion and concur.*