CASSERLY, Respondent, v. MARSHALL, Appellant.

(150 N. W. 480.)

(File No. 3705.   Opinion filed January 8, 1915.)

**Elections—Contest—Appeal, Time For Taking—Dismissal of Appeal —Jurisdiction.**

Upon an appeal from a judgment in an election contest, **held**, that, under Pol. Code, Sec. 1997, providing that in election contests appeals must be taken within 60 days after entry of final judgment, an appeal taken more than 60 days after such entry will be dismissed; the right to appeal being

purely statutory, and an appellate. court has no jurisdiction, unless the appeal is taken within the time and in manner provided by statute.

Appeal from Circuit Court, Brookings County. Hon. CARL G. SHERWOOD, Judge.

Election contest by P. T. Casserly against O. W. Marshall. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. On motion to dismiss appeal. Appeal dismissed.

*Cuckow & Berke,* for Appellant.

*Hall, Alexander & Purdy,* for Respondent.

WHITING, J. This cause is before us upon a motion by respondent asking that the appeal herein be dismissed; one of the grounds for said motion being that such appeal was not taken with in the time fixed by statute. The appeal is from a judgment in an election contest. Section 1997, P. C. provides that such an appeal "must be taken within sixty days after the entry of final judgment." The proposition that the right to an appeal is purely statutory, and that therefore an appellate court has no jurisdiction, unless an appeal is taken within the time and in the manner provided by statute, is too well established to need citation of authority. It is conclusively shown, by the files herein, that the judgment of the trial court was entered more than 60 days prior to the attempted taking of this appeal.

The attempted appeal must be and is dismissed. Murray v. Whitmore, 9 S. D. 288, 68 N. W. 745.