GRAFF, Respondent, v. BURNSIDE, Appellant.

(234 N. W. 523.)

(File No. 7180. Opinion filed January 21, 1931.)

D. J. Conway, T. M. Bailey, and M. G. Luddy, all of Sioux Falls, for Appellant.

*George J. Danforth, E. E. Sullivan,* and *W. O. Knight,* all of Sioux Falls, for Respondent.

CAMPBELL, J. A recall election for the office of mayor of the city of Sioux Falls was held in said city on October 21, 1930, at which election plaintiff, A. N. Graff, and defendant, George W. Burnside, were candidates for such office. On October 24, 1930, the official convassing board met, canvassed the returns of such election, declared defendant, Burnside, elected, and issued their certificate to that effect.

Thereafter, and on November 12, 1930, plaintiff, Graff, served on defendant, Burnside, a notice of contest thereby seeking to initiate proceedings under the provisions of sections 7336 to 7347, inclusive, Rev. Code 1919 (made applicable to municipal elections by section 6326, Rev. Code 1919).

Section 7343, Rev. Code 1919, provides as follows:

*"Surety for Costs.* Any person bringing a contest under the provisions of this article must, before bringing the same, furnish good and sufficient surety for costs as provided in the code of civil procedure, and the obligation of such surety shall be completed by simply indorsing the notice of contest as surety for the costs; and the contestee may object to the surety as insufficient and the court may require additional security."

Plaintiff, Graff, made no attempt to comply with said section or furnish security for costs in any manner before instituting his contest, nor at any time prior to November 18th, as hereinafter stated. November 17, 1930, it being then too late to institute a contest of said election under the provisions of section 7336 requiring notice to be given within twenty days after the canvass of the votes, defendant, Burnside, appeared specially and moved to quash and dismiss the contest proceedings upon the ground that the court had no jurisdiction thereof because of plaintiff's failure to furnish security for costs. The motion to dismiss came on for hearing before the court on November 26, 1930. Meantime, and on November 18, 1930, plaintiff, Graff, filed with the clerk of the circuit court of Minnehaha county, wherein said contest proceeding was instituted, a bond for costs executed by himself as principal and two others as sureties. On December 6, 1930, the learned circuit judge made and entered his order denying defendant's motion to dismiss, reciting in part as follows:

"* * * And the Court having listened to the arguments of counsel and being duly advised in the premises, and being of the opinion that giving security for costs is not jurisdictional, and the Plaintiff having given security for costs, and having offered in open Court to give or furnish additional security for costs, if desired,

"Now, therefore, it is ordered that said Order to show cause, and the motion for dismissal of said action be, and the same is hereby overruled and denied."

From said order of December 6th denying his motion to dismiss, defendant promptly thereafter and on December 13, 1930, perfected an appeal to this court.

Appellant contends that the order of December 6th is appealable and erroneous. Respondent, on the other hand, contends that such order is not appealable, but, if appealable, is right.

The last section of the election contest law involved, being section 7347, Rev. Code 1919, reads as follows:

"*Practice and Procedure.* With respect to matters of practice and procedure, contests provided for herein shall be governed by the provisions of title 2 so far as such provisions are applicable to and not inconsistent with the provisions of this article."

Appellant maintains that by virtue of this section appeals in election contest matters are governed by the general procedural statutes contained in title 2 of the Revised Code of 1919, and therefore that section 3168, Rev. Code 1919, defining appealable orders, has application, and that the order involved is appealable under subdivision 4 of section 3168, providing that an order may be carried to the Supreme Court "when it involves the merits of an action or some part thereof. * * *"

It might well be questioned whether an order denying a dismissal is appealable under subdivision 4, section 3168. See Ryan v. Davenport, 5 S. D. 203, 58 N. W. 568; De Bord v. Brandt, 49 S. D. 173, 206 N. W. 925; Warwick v. Bliss, 52 S. D. 107, 216 N. W. 865. However, we think that question is not reached in this case.

The election contest statute here involved came into our law as a distinct entity in territorial days as chapter 54, Laws 1885, and has since been continued in force without substantial change.

■ This court has several times had occasion to observe that proceedings under this contest statute are informal in their nature and intended to be summarily and speedily disposed of. See Dunn v. Gamble, 47 S. D. 303, 198 N. W. 821.

■ The right of appeal is purely statutory. See Overton v. City of Sioux Falls, 47 S. D. 135, 196 N. W. 297; National Bank of Commerce v. Jury, 48 S. D. 467, 204 N. W. 945; Downs v. Bruce, etc., Dist., 52 S. D. 168, 216 N. W. 949.

The original election contest law here involved provided by sections 9 and 10 of the act for appeals, which sections have been carried forward as sections 7344 and 7345, Rev. Code 1919, and reads as follows:

"*Appeals.* Appeals from any final judgment or decision of the circuit court or judge thereof shall be taken in the manner provided in the code of civil procedure, except that the undertaking on appeal shall be in the sum fixed by the judge, not less than five hundred dollars, and shall be approved by the judge or by the clerk of courts of the proper county, under the direction of the judge.

"*Appeals to Supreme Court.* Appeals to the supreme court in contests under the provisions of this article must be taken within sixty days after the entry of final judgment, and the party appealing must immediately procure the transmission of the transcript and papers on appeal to the clerk of the supreme court, and the same may be brought on for hearing and determination before the supreme court at any time the court shall be in session, upon ten days notice from either party; and the same shall be heard and determined in a summary manner. Such notice of hearing may be served during a term or in vacation."

■ Bearing in mind the purpose and summary nature of the election contest proceedings and the affirmative provision of the election contest law for an appeal, we think that the question of what orders in election contest proceedings under sections 7336 to 7347, Rev. Code 1919, are appealable must be answered, not by section 3168, Rev. Code 1919 (by virtue of section 7347, Rev. Code 1919), but by the specific provisions of the contest statute itself as found in sections 7344 and 7345 above quoted. We are of the opinion that those sections affirmatively and specifically providing for appeals in election contest cases "from any final judgment or decision of the circuit court or judge thereof" by implication ex-

clude the idea of other appeals in election contest cases under this statute. That view is supported by the language of this court (whether essential to the decision or not) in Jensen v. Petty, 14 S. D. 434, 85 N. W. 923. It also finds support by fair inference from the language of this court in Casserly v. Marshall, 35 S. D. 47, 150 N. W. 480, and Adams v. Smith, 6 Dak. 94, 50 N. W. 720. See, also, Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143.

We therefore hold that in election contests under this statute appeal lies only from the final judgment or order of the court below. As to all other matters which may be reviewable, the parties must make and preserve their record in the court below and present the same for review, if desired, upon the appeal from the final judgment or order. Manifestly, an order refusing to dismiss because of lack of jurisdiction is not a final judgment or order.

It is therefore not appealable under the law as we construe it, and judgment must be entered dismissing the present appeal.

POLLEY, P. J., and BURCH, BROWN, and ROBERTS, JJ., concur.