BRONSON, Respondent, v. CITY OF RAPID CITY, et al, Respondents.

McCAIN, et al, Appellants, v. CITY OF RAPID CITY, et al, Respondents.

(259 N. W. 674.)

(File No. 7804. Opinion filed March 23, 1935.)

*Thos. G. Wall,* of Sturgis, for Appellants Fred C. McCain and others.

*H. F. Fellows, George Williams,* and *Boyd Leedom,* all of Rapid City, for Respondents Rapid City and others.

RUDOLPH, J. Out of a maze of novel and confusing procedure, the following facts have been finally discovered. At a city election held in the city of Rapid City on April 17, 1934, there was submitted to the electors the question: "Shall a municipal court be established in the city of Rapid City, South Dakota?" The official canvass of the vote made on the 20th of April, 1934, disclosed that 1,266 votes were cast in favor of the establishment of a municipal court, and 1,300 votes were in opposition thereto. On April 30, 1934, there was filed with the clerk of courts of Pennington county a "notice of election contest" wherein one R. L. Bronson was plaintiff and the city of Rapid City, its city auditor, and the members of the city commission of Rapid City were named as defendants. This notice of election contest, so far as disclosed by

the record, was never served upon any one. See section 7336, Rev. Code 1919. It was signed by H. F. Fellows, attorney for plaintiff, but contained no allegation to the effect that the state's attorney of Pennington county had refused to sign the notice of contest, nor was the contest allowed by the circuit court or judge thereof. See section 7338, Rev. Code 1919. An answer was interposed to this Bronson contest, signed by the city attorney and verified by the mayor of Rapid City, and the time for hearing was agreed upon by counsel. The Bronson contest was presented to the court on April 26, 1934, or four days prior to the time that any papers in connection with the contest were on file in the office of the clerk of circuit court. As a result of the hearing in the Bronson contest, the court found that the question of establishing a municipal court in Rapid City had carried by a majority of ten votes, and entered judgment for the establishment of a municipal court in Rapid City. The findings and judgment of the court were filed in the office of the clerk of the circuit court on May 5, 1934. On May 7, 1934, there was filed in the office of the clerk of courts of Pennington county, and served upon all the named defendants, a paper entitled "notice of election contest," wherein Fred McCain and Steve Hurley were named as plaintiffs, and the city of Rapid City, S. D., its city auditor, and the members of the city commission were named as defendants. We set out in full this so-called "notice of election of contest," which is as follows:

The Plaintiffs Complain and Allege:

"1. That Plaintiffs are residents and electors of the City of Rapid City, Pennington County, South Dakota, and were at all times hereinafter mentioned such residents and electors.

"2. That on the 17th day of April, 1934, at the regular annual city election of the City of Rapid City, South Dakota, the question 'Shall a Municipal Court be established in the city of Rapid City, South Dakota' and the question Shall the City of Rapid City, South Dakota issue its negotiable bonds to the amount of Twenty-five Thousand Dollars ($25,000.00) to be known as 'Canyon Lake Hydro-Electric Generation and Transmission System Bonds' said bonds to be dated July 1, 1934 and become due and payable in six years from their date, with payment optional at any time after one year from their date and bear interest at a rate not to exceed five per cent (5%) per annum, payable semi-annually, for the purpose

of construction in Rapid City Municipal Tourist Park, near Canyon Lake, a Hydo-Electric Generating and Transmission System in and for the City of Rapid City, South Dakota, to provide light, heat and power for municipal, industrial and domestic purposes, were submitted to a vote of the people.

"3. That thereafter and on the 20th day of April, 1934, the same being the date fixed by law for the canvass of the results of said city election, said commissioners of said city met in the city hall thereof, for the purpase of canvassing the results of said city election; that the canvass of said results was made by said canvassing board and as a result of said canvass, did declare the said questions of establishing a municipal court and of issuing bonds to have lost.

"4. That thereafter and on or about the 24th day of April, 1934, one R. L. Bronson instituted in the Circuit Court of the Seventh Judicial Circuit, an action contesting said election; that thereafter stipulation was made between the attorneys of the plaintiff and the attorney for the city of Rapid City and the board of city commissioners, defendants therein, wherein it was stipulated that the trial of said action be held at the court house in Rapid City, South Dakota on the 25th day of April, 1934, or as soon thereafter as counsel could be heard. Plaintiffs are informed and believe and upon such information and belief, allege the facts to be that some proceedings were had in said action on said date and that a re-canvass of said vote was made by persons unknown to these plaintiffs; that no judgment or order constituting a final determination in said action has been filed in the office of the Clerk of Courts, Pennington County, South Dakota and that the only papers now on file in said action are the Notice of Election Contest, Answer, and Stipulation fixing the date of trial.

"5. That the official canvass made by the board of said commissioners of Rapid City, South Dakota on April 20th, 1934, was correct and that the question of establishing a municipal court in said municipality lost at said election by a margin of the thirty-four (34) votes.

"6. Upon information and belief, plaintiffs allege that the canvass made pursuant to the prior contest proceedings heretofore referred to was irregular and without authority of law and contrary to the statutory provisions; that, although no judicial deter-

mination of the issues involved in said contest is of record, it is claimed by the plaintiffs and supporters of the opposition of establishing a municipal court in Rapid City, that said proposition carried by a margin of ten (10) votes. This proceeding is brought by these plaintiffs for the purpose of protecting their respective rights against the running of the statute of limitations.

"Wherefore the plaintiffs pray that the court fix a time and place of hearing of this action to contest; that all of the ballot boxes used in the election above referred to be brought into court and opened; that a full and complete recount and canvass of said votes be made and judicial determination of the result be had and for such other and further relief as the court may seem just and equitable.

"Fred C. McCain
"Steve Hurley
Plaintiffs."

Indorsed on this so-called election contest of McCain and Hurley is the following: "Allowed: H. R. Hanley, Circuit Judge." On May 9, 1934, an answer was served to the so-called election contest filed by McCain and Hurley. On the 21st day of May, 1934, on application of Fred C. McCain, an order to show cause was issued in the Bronson contest proceedings directing R. L. Bronson to show cause on June 21st why the judgment entered in the Bronson contest should not be vacated and set aside.

At this point our bewilderment concerning the procedure adopted becomes complete, and it is impossible for us to detail any further procedural steps which lead up to a hearing on July 10, 1934. However, on July 10th, all of the parties appeared before the court by their respective counsel. Whether the appearances were made in the Bronson contest or the so-called McCain and Hurley contest is not entirely clear. At the hearing on July 10th evidence was presented to the court, which sought to attack the validity of the recount held under the Bronson contest and upon which the judgment entered on May 5th was based. The hearing of July 10th was then apparently continued until the morning of July 23, at which time further evidence was introduced. At the end of the morning session on July 23, the court overruled the motion of the attorney for McCain and Hurley to set aside the

judgment in the Bronson proceeding on the grounds that the court had no jurisdiction in that proceeding, and indicated that he would affirm the judgment entered in the Bronson case. Apparently, during the noon hour on July 23, there was served upon Fred C. McCain and Steve Hurley a subpœna wherein they were subpœnaed to appear before the court on the afternoon of that day to testify as witnesses on the part of the defendants in the so-called McCain and Hurley contest proceeding. At 2 o'clock all of the parties again appeared before the court, and McCain and Hurley made a motion to dismiss their so-called contest proceeding, which motion was denied by the court. and the court thereupon proceeded to take further testimony regarding the recount held under the Bronson contest proceeding. At this time it appears (and it was so admitted in oral argument) that the attorneys for Bronson were for some reason attempting to appropriate unto themselves the so-called contest instituted by McCain and Hurley. In other words, counsel for Bronson were attempting by means of the McCain-Hurley proceeding to contest the results of the election as established by the official count of the canvassing board, and to have declared that the question of the establishment of a municipal court for Rapid City did in fact carry by a majority affirmative vote. Attorneys for Bronson withdrew all objection to the McCain-Hurley proceeding, and the attorney for defendants in that proceeding waived the right to interpose a defense and waived the failure of McCain and Hurley to furnish sufficient surety for the costs of the proceeding as required by section 7343. Attorney for Hurley and McCain objected to all of this procedure, and insisted upon his right to have that proceeding dismissed. As a result of this hearing the court on December 3, 1934, entered an order in the Bronson proceeding affirming the judgment that was entered on May 5, and in the McCain-Hurley proceeding entered a judgment similar to that entered in the Bronson contest on May 5, for the establishment of a municipal court in Rapid City.

We consider first the motion to dismiss the appeal. The notice of appeal is single and attempts to appeal both from the order entered in the Bronson contest on December 3d, and also from the judgment entered in the McCain-Hurley proceeding on the same date. This court held in the early case of Murray v.

Whitmore, 9 S. D. 288, 68 N. W. 745, that appeals in election contest cases are limited to sixty days from the entry of final judgment. See, Section 7345, Rev. Code 1919. In this last-cited case the court said: "In other words, the time within which one of these contest cases can be transferred to the supreme court, by an appeal from a final judgment or other appealable order, if any such orders are appealable, is limited to 60 days from the entry of final judgment."

More recent decisions of this court seem to be in accord with this holding. See Jensen v. Petty, 14 S. D. 434, 85 N. W. 923, Casserly v. Marshall, 35 S. D. 47, 150 N. W. 480; Graff v. Burnside, 57 S. D. 578, 234 N. W. 523. The judgment in the Bronson contest proceeding was entered on May 5, 1934, and under the above holding of this court, even conceding that the order entered in that case on December 3d was an appealable order, it is too late to transfer the case to this court by appeal. Any appeal in a contest proceeding must under the statute and decision of this court be taken within sixty days after the entry of final judgment in that proceeding. The attempted appeal from the order entered in the Bronson case was therefore a nullity, and the portion of the notice purporting to appeal therefrom will be treated as surplusage. Williams v. Williams, 6 S. D. 284, 61 N. W. 38; Granger v. Roll, 6 S. D. 611, 62 N. W. 970; Meade County Bank v. Decker, 17 S. D. 590, 98 N. W. 86; State ex rel Hitchcock v. Till, 50 S. D. 346, 210 N. W. 157; Morrison & Skaug v. Connery, 54 S. D. 329, 223 N. W. 210; Harmdierks v. Smith, 56 S. D. 173, 227 N. W. 845; Grieves v. Danaher, 60 S. D. 120, 243 N. W. 916. We are of the opinion, therefore, that the appeal can stand only in so far as it is an appeal from the judgment entered in the McCain-Hurley proceeding, which judgment was entered on December 3d, and the appeal taken within sixty days thereafter.

 Respondents further complain of the procedure followed by appellant in transferring the cause to this court. While the procedure adopted is, perhaps, not a model procedure, nevertheless, we believe it sufficient. Appeals to this court in election contests are governed by special statute. Dunn v. Gamble, 47 S. D. 303, 198 N. W. 821; Graff v. Burnside, supra. The statute, section 7345, provides that the appeal shall be heard and determined in a summary manner. Further, this court has said that: "Election

contests are informal in their nature." No motion for a new trial is required. Dunn v. Gamble, supra. The statute section 7345 provides:

" * * * The party appealing must immediately procure the transmission of the transcript and papers on appeal to the clerk of the supreme court. * * * "

The transcript and papers are all on file in this court. The appeal in the McCain-Hurley proceedings was taken within the time limit provided by statute, and we are of the opinion that this proceeding is properly before this court on appeal for its "summary" disposition.

■■ We consider now the appeal in the so-called McCain-Hurley contest proceeding. This is the proceeding which the attorneys for Bronson attempted to appropriate unto themselves in the circuit court. The reason for this attempted appropriation became clear at the hearing on oral argument when counsel for respondent frankly admitted that in their opinion the circuit court was without jurisdiction to enter the judgment in the Bronson proceeding. We refer in passing to the fact that counsel for appellant characterized this attempted appropriation as "an attempt to steal our horse and ride on to victory." No doubt, the use of the metaphor was prompted by the fact that the case arose in western South Dakota, in which section of the state the horse has not, as yet, become obsolete as a means of conveyance. Be that as it may, and continuing with the metaphor, we are of the opinion that counsel for Bronson acquired by the attempted larceny no better horse than that ridden by Bronson in his original proceeding. We are of the opinion that while this so-called McCain-Hurley proceeding is entitled "notice of contest," it fails entirely to "set forth facts and grounds" as required by section 7336, Rev. Code 1919, sufficient to confer jurisdiction upon the circuit court in a contest proceeding. The statutes, sections 7336 to 7347, inclusive, plainly contemplate that the contest proceeding therein provided for should be a contest of the result of the election as declared by the canvassing board. We think this is too obvious to require any further discussion. The statute obviously does not contemplate, as was attempted in this McCain-Hurley proceeding, that there should be a contest of the result of an election as that result has been determined by a prior contest proceeding. If we understand

the pleading of McCain and Hurley correctly, it was thereby attempted to contest under the provisions of the contest statute the result of the election as that result had been determined by the court in the Bronson contest. We think it clear that such an attempt is not within the scope of the statute, and we think it equally clear that attorneys for Bronson could not convert such a proceeding into a legitimate contest proceeding to contest the result of the vote as declared by the canvassing board. In this connection it should be further noted that there was no attempt made to amend the notice of contest as filed in the McCain-Hurley proceeding. Whether at this stage of the proceedings an amendment would be permissible, we express no opinion. However, without amendment it is clear that no facts are alleged in the notice filed by McCain and Hurley upon which the court could acquire jurisdiction. This court said in the case of Batterton v. Fuller, 6 S. D. 257, 60 N. W. 1071, 1074: "The notice of contest served is a jurisdictional paper. It constitutes, in effect, the summons and complaint in the action. It is the only process or pleading to be served or filed on the part of the plaintiff. * · * * The notice, being a jurisdictional paper, must be sufficient upon its face to give the court jurisdiction."

Obviously, the facts stated in this so-called notice of contest did not give the court jurisdiction to inquire into the result of the election as determined by the canvassing board, because on its face it declares that result to be correct.

It also appears that there is another reason why the attempted larceny was ill-advised. This court has held that under the contest statute an elector may contest an election whereby any special question is submitted to the voters. Treat v. Morris, 25 S. D. 615, 127 N. W. 554. However, election contests are special proceedings, Kundert v. City of Madison, 39 S. D. 43, 162 N W. 898, 900, and, as such, are regulated by the terms of the statute alone. If a showing is not presented by contestant which brings the power of the circuit court into action, then there is no jurisdiction to proceed. Section 7338, Rev. Code 1919, provides who may contest, and is as follows: "The contest provided for in this article may be brought by a candidate or person claiming the office, on his own motion, in his own name as plaintiff, but such contest cannot be brought by an elector unless the notice is signed by the

state's attorney of the proper county, or, upon his refusal so to sign the notice of contest, the contest may be allowed by the circuit court or judge thereof."

Obviously, this was such a contest proceeding that it could be brought only by an elector as such. However, an elector, when attempting to contest an election upon any special question submitted to the voters, must bring his proceedings within the terms required by statute before the court acquires jurisdiction. Indorsed on the so-called notice of contest in the McCain-Hurley proceeding was the following: "Allowed: H. R. Hanley, Circuit Judge." There is no allegation or showing of any kind that the state's attorney had refused to sign the notice, as required by section 7338. It is our opinion that, until the refusal of the state's attorney is shown, the allowance by the circuit court or judge thereof is in effect meaningless. In other words, in our opinion the statute contemplates that in an election contest brought by an elector as such, who can have no more interest in the matter than any other elector, the burden rests upon the state's attorney to sign the notice of contest, and that it is only upon his refusal that jurisdiction can be acquired through an allowance by the circuit court. We think this result is the plain import of the language used by this court in the case of Kundert v. City of Madison, supra, wherein the court said: "Some question is raised as to the necessity of the signature or approval of the state's attorney to the notice of contest. This is a contest seeking to have an election declared void on grounds of public policy. The appellant can have no more interest in the matter than any other elector. It was in his capacity as an elector only that appellant is authorized by law to institute this contest. It therefore necessarily follows that the signature or approval of the state's attorney was necessary."

We are of the opinion, therefore, that the circuit court was without jurisdiction in the McCain-Hurley proceeding. The judgment is reversed, and the court directed to dismiss the proceeding.

WARREN, P. J., and CAMPBELL and ROBERTS, JJ., concur.

POLLEY, J., disqualified and not sitting.