### R. D. GOLDBERG THEATRE CORP.
#### v.
### TRI-STATES THEATRE CORP. et al.
#### Civ. No. 83.

United States District Court
D. Nebraska, Omaha Division.
July 20, 1944.

I. J. Dunn, Omaha, Neb., for plaintiff.

Yale C. Holland and Seymour Smith, Omaha, Neb., for several moving defendants.

DELEHANT, District Judge.

The defendants, Twentieth Century Fox Film Corporation, Columbia Pictures Corporation, Loew's Incorporated, United Artists Corporation, Universal Film Exchange, Inc., Vitagraph, Inc., RKO Film Booking Corporation, RKO Radio Pictures, Inc., Tri-States Theatre Corporation, Paramount Pictures, Inc., and Paramount Film Distributing Corporation, have severally joined in a motion, in which this court is requested "to stay the enforcement of the court's order of July 1, 1944 (sic.) requiring the production of certain books, records and contracts and denying the preliminary examination by the court of said contracts or the blocking out of the film prices specified therein, pending the disposition of the defendants' appeal to the United States Circuit Court of Appeals for the Eighth Circuit, and for that purpose to fix the amount of the bond required to be filed by the defendants." The plaintiff objects to the allowance of the motion.

The undoubted right of an appellant to supersede, during the pendency of his appeal, the judgment against which it is directed should be supported and not curtailed by the trial court. A trial judge must not hesitate to cooperate in an appellant's effort to supersede, by reason of any assumed infirmity in the merits of the appeal. All such considerations are addressed to the appellate court.

But, both upon principle and by acknowledged authority, the right to supersede presumes the right to appeal, as distinguished from the possession of a meritorious appeal. And where no right to appeal exists there is no right to supersede. Accordingly, an attempt to appeal from an obviously unappealable order does not draw to the proposed appellant an imperative power to supersede and stay the operation of the order.

The reason for this limitation upon the right to a stay pending appeal is clear. If the execution of unappealable interlocutory orders made pending the trial and determination of the ultimate issue in litigation may be thwarted by a succession of necessarily fruitless and abortive appeals, then the orderly administration of justice may be captiously impeded. Nor is the security of a stay bond a valid protection either to the prevailing party under an order thus unwarrantedly appealed, or to the court.

And competent authority sustains the restriction. City of Louisville v. Muldoon, 19 Ky. 1386, 43 S.W. 867; State ex rel. v. First Judicial District, 52 Minn. 283, 53 N.W. 1157; Tyler v. Connolly, 65 Cal. 28, 2 P. 414; Burnett v. Jackson, 27 Okl. 275, 111 P. 194; Dana v. Peurifoy, 142 S.C. 46, 140 S.E. 247; Muckenfuss v. Fishburne, 68 S.C. 41, 46 S.E. 537; Kirby v. Kelly, 90 S.C. 378, 73 S.E. 780; Jensen v. Petty, 14 S.D. 434, 85 N.W. 923; In re Shortridge, 229 Mo. App. 1011, 84 S.W.2d 983; 4 C.J.S., Appeal and Error, § 632(c), p. 1115. It may be observed also that in McCourt v. Singers-Bigger, 8 Cir., 150 F. 102, 104, 105, while denying to the trial judge the power in an appealable case to refuse or

disregard supersedeas, the court limits the applicability of the opinion to occasions "when the case is appealable".

Mindful of the suggested limitation upon the right to supersede, the court is persuaded that upon at least two grounds, the order presently involved is not a final and appealable order.

 In the first place, the order of July 1, 1944, to which the motion and proposed appeal are directed did not require the production of the books, records and papers in question. Nor did it require anything else. It merely denied and overruled separate motions of the presently moving parties for the modification of the court's order of December 31, 1943, which, alone, did require their production and which stands, and since its entry has stood, without appeal, and is not made the subject of the presently proposed appeal. The present effort of the moving defendants seems to be to revive by the process of an adverse ruling on a motion for revision, a supposed right to appeal from an earlier order which they did not seasonably assail by recourse to the appellate court.

But secondly, and more persuasively, the order of July 1, 1944, in like manner with that of December 31, 1943, is not a final order, but is merely an interlocutory order made during the course of the preparation for the trial of the case; and upon persuasive, and, as the court believes substantially unquestioned, authority it is unappealable under Title 28 U.S.C. § 225(a).[1] The precise question of reviewability now before the court seems to have been determined adversely to the position of the moving defendants in Apex Hosiery Company v. Leader, 3 Cir., 102 F.2d 702. That case, as does this, involved an order of the trial court under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.; and it was there decided that such an order is interlocutory and not appealable. Indistinguishable upon principle, and to the same effect, are: Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686; Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Fox v. Capital Company, 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67; Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Pennsylvania Railway Co. v. International Coal Mining Co., 3 Cir., 156 F. 765; In re Cudahy Packing Co., 2 Cir., 104 F.2d 658; International Agricultural Corp. v. Pearce, 4 Cir., 113 F.2d 964; National Nut Co. v. Kelling Nut Co., 7 Cir., 134 F.2d 532.

In oral argument reference was made by the moving defendants to Rule 73(d), Federal Rules of Civil Procedure 28 U. S.C., for support of their application now made. The cited rule does direct the presentation to the district court of a supersedeas bond by an appellant "entitled thereto" (i. e. to the right to supersede). But its availability here begs the question of the right of the proposed appellants to a stay pending appeal. It does not have the effect of enlarging the range of reviewability or relaxing the requirement of finality imposed as a condition to appealability by Title 28 U. S.C. § 225(a).[1]

The court notes without conviction an argument orally tendered by the moving defendants that they should be accorded an exception to the general rule that interlocutory orders are not appealable, on the score of the possible adverse impact upon their respective businesses of compliance with the court's order for production of books, records and contracts. The court considers that they unduly magnify this possibility. But in any event, the same factor, in varying degrees, is present in all similar situations; and was obviously present in Apex Hosiery Company v. Leader, supra.

In the persuasion, therefore, (a) that the order designated by the moving defendants is not appealable; and, (b) that they have no right to demand from the court a stay of proceedings pending their attempted appeal of an order that is not reviewable, the court is entering an order denying and overruling their motion. Exception is allowed.