## BATTERTON V. FULLER.

1. To authorize a candidate or person to institute an election contest in his own name under the provisions of section 1489, Comp, Laws, such candidate or person must state such facts in his notice of contest as would prima facie entitle him to the office, and he must also therein claim a right to the office himself.

2. A notice of contest under said section, instituted by and signed only by a candidate in his own name, in which no facts are stated showing that such candidate is entitled to the office, and in which such candidate makes no claim of right to the office himself, is invalid, and does not confer jurisdiction upon the court to hear and determine the same.

3. A notice of contest, in which it is stated that the contestant was an elector of the county, was a candidate for the office, that the candidate whose election he contests received a greater number of votes than himself, and that said successful candidate was ineligible, does not state facts sufficient to entitle such contestent to the said office.

4. An amended notice of contest, in which the contestant states that he is an incumbent of the office under an appointment thereto, made by the governor of the state, to fill a vacancy occurring prior to the election, and that he claims the right to hold said office by virtue of being such incumbent at the time of the election, taken in connection with the statement in the original notice of contest that the defendant was ineligible, states a new cause of action.

5.  Such an amended notice of contest, allowed, filed, and served more than
    40 days after the canvass of the votes for the election, was barred by
    the statute limiting the time within which election contests may be in-
    stituted to 20 days after the canvass of the votes for the election; and
    the allowance of said amendment at the time it mas made by the court
    was error for which a new trial was properly granted.

        (Syllabus by the Court.   Opinion filed Nov. 28, 1894.)

Appeal from circuit court, Roberts county.   Hon. J. O.
ANDREWS, Judge.

Action by J. J. Batterton against Burt Fuller to contest
defendant's right to the office of county judge of Roberts county,
to which he was declared to have been elected at the general
election held in November, 1892.   Plaintiff had judgment on
the findings of the referee before whom the cause was heard,
and appeals from an order granting a new trial.   Affirmed.

The facts are stated in the opinion.

*John W. Bell* and *Thomas L. Bouck*, for appellant.

The legislature may prescribe necessary qualifications for
offices requiring skill or training, when there is no constitu-
tional provision on the subject.   State v. Covington, 29 O. St.
102; Mechem Pub. Officers, 33; 10 Am. & Eng. Ency. L. 405;
People v. May, 3 Mich. 508; State v. Russell, 53 N. W. 441.
Where a candidate for an office is unqualified and receives the
most votes there is no election.   Spear v. Robinson, 29 Me.
531; McCrary Elec. 231; Comm v. Cluley, 56 Pa. St. 270;
Saunders v. Haynes, 13 Cal. 145; State v. Smith, 14 Wis. 497;
Id. v. Bool, 46 Mo. 528; Id. v. Vail, 53 Mo. 97; People v. Clute,
50 N. Y. 451.   An officer duly appointed or elected holds over
after the expiration of his term until a successor is duly chosen
and qualified,   19 A. E. Ency L. 562; State v. Harrison, 113
Ind. 434; State v, Benedict, 15 Minn. 153; Id. v. Sullivan, 47 N.
W. 802; Adversory Opinion, 5 Sa. 613; State v. Luch, 18 Mo.
333; Comm v. Hawley, 9 Pa. St. 513; People v. Parker, 37 Cal.
639; Id. v. Tilton, 37 Cal. 614; Id. v. Harris, 45 N. W. 1101.
The right to amend a notice of contest to the same extent as a
complaint in an ordinary civil action is unquestionable.   Rut-

ledge v. Crawford, 27 Pac. 779; Soper v. Boord, 48 N. W. 1112; Comp. Laws Sections 1493, 4938; McCrary Elec. Section 282.

*Mellette & Case,* for respondent.

Statutes prescribing qualifications to an office are directory and the appointment of one not possessing the required qualifications is not absolutely void unless so expressly enacted. St. Louis v. Sparks, 45 Am. Dec. 355; 10 Mo. 117; Horbaugh v. Winsor, 38 Mo. 327; State v. Smith, 31 Kas. 784; Id. v. Ring, 29 Minn. 78. If the party having the highest number is not eligible the party having the next number of votes is not thereby elected. McCrary Elec. Section 234; Barnum v. Gilpin; 27 Minn. 466; People v. Clute, 50 N. Y. 451; Sublett v. Bedwell; 47 Miss. 266; Off v. Smith, 14 Wis. 497; State v. Giles, 1 Chand. 112; In re Barnum, 8 N. W. 375.

The right to hold over in an office cannot be considered in an election contest pure and simple. Allen v. Glynn, 15 L. R. A. 743. When a complaint is amended so as to state a new cause of action the action is not commenced as to said new cause until the amended complaint is filed. Anderson v. Mayers; 50 Cal. 525.

CORSON, P. J. This was an election contest, instituted under the provisions of the statutes of this state. A trial was had resulting in a judgment for plaintiff. A motion for a new trial was made by the defendant and granted by the court, and from the order granting such new trial the plaintiff appeals. The facts sufficiently appear from the notice and amended notice of contest, which are copied into this opinion.

On November 30, 1892, the plaintiff caused to be served upon the defendant a notice of contest, as follows: "(1) That at all of the times hereinafter mentioned plaintiff was, and now is, an elector of said Roberts county. (2) That an election was held in said county on the 8th day of November, 1892, and that plaintiff and defendant were both candidates for the office of county judge of said county, and that at said election plain-

tiff received for said office 406 votes, and defendant received 467 votes therefor, and claims the right to hold said office. (3) That upon a canvass of said votes by the canvassing board of said county on November 12, 1892, the defendant was declared duly elected to said office. (4) That said defendant was not at the date of said election, nor at the date of the iniation of this contest, learned in the law, as required by the constitution of the state of South Dakota, and was and is therefore ineligible to hold said office. Wherefore plaintiff prays that the defendant be declared ineligible to hold said office, and to have no right thereto, and that he be restrained and enjoined from entering upon the discharge of the duties of said office." The same was verified in due form. To this notice of contest a demurrer was interposed by the defendant, but, as the same seems to have been abandoned, it will not be further referred to. On December 8th the defendant gave notice of a motion to dismiss said action or proceeding upon the following grounds: "That the notice of contest served herein was not properly served in this: that said notice of contest was not and is not signed by the district or county attorney of said county, as required by section 1491 of article 2 of the Compiled Laws of the state of South Dakota." In support of this motion the defendant served with his notice of the motion an affidavit of the state's attorney of Roberts county, in which he states, in substance, that no application had been made to him by the plaintiff or any person in his behalf to institute the action or proceeding, and that he had not signed nor refused to sign the notice of contest. On December 28th the court denied the motion to dismiss the action or proceeding, holding that said notice was sufficient to confer jurisdiction upon the court. Upon December 31 the plaintiff gave notice of a motion for leave to amend his notice of contest, which reads as follows, so far as it varies from the former notice (paragraphs 2, 3, and 5 being the same as in the former notice): "You will please take notice that the plaintiff will, and hereby does, contest your election to

the office of county judge of said Roberts county at the general election held there in November, 1892, and your right to be elected to and take and hold said office, and that the grounds of such contest are as follows: (1) That at all the times herein-after mentioned plaintiff was, and now is, an elector of said Roberts county, and at all of such times was, and now is, the duly appointed, qualified, and acting county judge, of said county, and claims said office for the term beginning the first Monday in January, 1893, for the reasons hereinafter stated. * * * (4) That plaintiff was at the date of said election a citizen of the United States, and had resided in the county and state for more than one year, was over twenty-five years of age, and was learned in the law, and had been duly admitted to practice in the courts of said state as an attorney and counselor at law * * * Wherefore plaintiff prays that the defendant be declared ineligible to be elected to or hold said office, and to have no right thereto, and that he be restrained and enjoined from entering upon the discharge of the duties of said office, or from in any way interfering with the plaintiff in his discharge of the duties thereof, and that the plaintiff be declared entitled to have and to hold said office in and for said county of Roberts for said term beginning on the first Monday in January, 1893, and for his costs." On January 11, 1893, this motion was granted. An answer was thereupon filed, and subsequently the case was referred to a referee, who found the facts substantially as alleged in the amended notice of contest, and stated in his conclusions of law in favor of the plaintiff, and which findings and conclusions of law were adopted by the court as the basis of the judgment.

In a motion for a new trial the defendant specified a large number of errors, but in the view of the case we take it will be only necessary to insert the following: "(1) Insufficiency of the evidence to justify the decision of the court, and that said decision is against law. (2) Errors of law occurring in the proceedings and at the trial, and excepted to by the defendant.

\* \* \* Specifications of error: The following are the errors claimed by the defendant in the procedure in this behalf: (1) Error of the court in not sustaining defendant's demurrer to the complaint. (2) Error in not sustaining defendant's motion to dismiss the action. (3) Error in permitting plaintiff to file an amended complaint. \* \* \* (19) Error in each of the findings of the referee in his conclusions of law as specified in his report in paragraphs one to five, inclusive, as follows, to-wit: First, That the plaintiff is entitled to maintain this action as a candidate at said election, and as a person claiming the right to hold said office. Second, That the defendant was not at the time of said election, or at the time of the commencement of the term of said office, or at the time of said trial, and is not eligible to the office of judge of the county court of Roberts county. Third, That the defendant Burt Fuller is not entitled to hold the office of judge of the county court of Roberts county. Fourth. That no person was elected as judge of the county court of Roberts county at the general election held on the 8th day of November, 1892, for the term of two years commencing on the first Monday of January, 1893. Fifth, That the plaintiff, J. J. Batterton, by virtue of his appointment and qualification as judge of the county court of Roberts county, South Dakota, is the present imcumbent of said office, and is entitled to hold said office until his successor is elected or appointed, as the case may be, and qualified." Numerous errors are assigned by the plaintiff on this appeal, but they may be considered together, as they all tend to the one point that the court erred in granting the new trial. The sections of the statute upon which this proceeding was founded read as follows:

"Sec. 1489. Any candidate or person claiming the right to hold an office contested, or any elector of the proper county desiring to contest the validity of an election or the right of any person declared duly elected to any office in said county, shall give notice thereof in writing to the person whose election he intends to contest, within twenty days after the canvass

of the votes for such election, * * * which notice of contest shall be in writing, and shall set forth the facts and grounds upon which the contestant relies in his contest, and may be verified as a pleading in a civil action."

"Sec. 1491. The contest provided for in this act may be brought by a candidate or person claiming said office, on his own motion, in his own name as plaintiff, but such contest cannot be brought by an elector without the notice is signed by the district attorney of the proper county, or upon his refusal to sign said notice of contest the contest may be allowed by the court or judge thereof."

The learned counsel for the respondent contend that the court below erred in its ruling in denying the defendant's motion to dismiss the action or proceeding on the ground that the notice of contest was not signed by the state's attorney, nor filed by permission of the circuit court or judge, and that by reason of such error it was its duty to grant a new trial. They also contend that the learned circuit court erred in granting the plaintiff permission to file an amended notice of contest more than 20 days after the canvass of the election returns, the same constituting a new cause of action, and for such error it was the duty of the court to grant a new trial. They also contend that the court erred in adopting the conclusions of law of the referee, and holding that the defendant was ineligible to the office of county judge of Roberts county, and for such error a new trial was properly granted. There were other questions raised and discussed by counsel, not necessary now to be stated. Treating the questions presented in their order, the notice to dismiss the proceedings will be first considered.

The notice of contest was neither signed by the state's attorney, nor his refusal so to sign alleged, nor that the contest was allowed by the court or judge thereof alleged. It will be observed from an examination of the notice of contest that the plaintiff makes no allusion to the fact that he is an incumbent of the office by appointment, and that he makes no claim to

the office himself, but simply prays that the defendant be declared. ineligible to hold the office, and that he be enjoined and restrained from entering upon the discharge of the duties of the same.    Are the facts alleged sufficient to entitle the plaintiff to institute the proceeding in his own name?    We think no't.    It is true, the plaintiff does state in his notice that he was a candidate for the same office as .the defendant, and received a certain number of votes, but he makes no claim to the office himself.  · The manifest intention of the legislature in providing for election contest proceedings was to permit a candidate who claims a right to the office or of any person who claims a right to the office in place of the one declared elected, to institute proceedings in his own name, and to require of any other person who desires to contest the election to do so with the sanction of the state's attorney or the circuit court or judge thereof.    One who institutes the proceedings as a candidate must not only state facts showing that he was such candidate, but he must show that he claims a right to the office also.    This in our opinion, is the proper construction of the statute.    A party who has been a candidate and defeated, and who does not claim the office, cannot have any morè interest in instituting a contest with the successful candidate than any other elector, and it could not have been the intention .of the legislature to the subject the successful candidate to the expense of a contest at the mere will and pleasure of a competitor for the office, who makes no·claim of a right to it himself.    To illustrate the fallacy of the claim that a candidate may institute the proceedings in his own name, though he does not himself claim a right to the office, let us suppose that three candidates are voted for.    One receives 500 votes, one 450, and a third 50. Could it be reasonably claimed that the candidate receiving 50. votes could institute contest proceedings against the successful candidate, in his own name, and without the sanction of the state's attorney, court, or judge, and who in no manner claimed the office himself?    We hardly think it would be so claimed.

It is quite evident from the notice of contest served in this case that the plaintiff instituted the proceedings as an elector, and that he had not carefully observed the provisions of section 1491, heretofore quoted, which only allows such proceedings when the notice is signed by the state's attorney, or sanctioned by the court or judge. It is true that in the last clause of sec·tion 1491 the term "candidate" is not used. But this was not necessary in that clause, as neither a candidate nor any other person can institute the proceedings in his own name unless he claims a right to the office. A candidate who does not so claim a right to the office can only institute the proceedings as an elector. To entitle him to institute the proceedings as a candidate he must not only have been a candidate, but be a claimant of the office also. The notice of contest served is a jurisdictional paper. It constitutes, in effect, the summons and complaint in the action. It is the only process or pleading to be served or filed on the part of the plaintiff. This notice, if sufficient, is required to be answered by the defendant, section 1490. The notice, being a jurisdictional paper, must be sufficient upon its face to give the court jurisdiction, The facts stated must not only be sufficient, but the notice must be signed by the proper party, or served by authority of the court or judge; and this must appear upon the notice itself, otherwise it is not effectual as a notice of contest, and gives the court no jurisdiction.

Taking this view of the notice of contest, it is quite clear that the failure to have the same signed by the state's attorney or allowed by the court, or judge rendered it nugatory as a notice, and insufficient to give the court jurisdiction of the proceedings. But if we are not correct in this position, we think the amendment to the notice of contest was erroneously allowed. As before, stated, the plaintiff, in his original notice, made no allegation as to his appointment to the office of county judge by the governor, and made no claim of a right to the office by reason of his incumbency of the office or otherwise.

The amendment therefore clearly presented a new cause of action Had this amended notice of contest been proposed within the 20 days after the canvass of the election returns, it could properly have been allowed, as the plaintiff could then have dismissed his contest, and commenced a new proceeding. But his motion for leave to file his proposed amendment was not made until about 40 days after the canvass was concluded. He could not, at that time, have instituted new proceedings, yet under the form of an amendment he virtually instituted a new contest. His first contest notice seems to have been prepared upon the theory that as the defendant was claimed to be ineligible, but having more votes than the plaintiff, there was no election of any one, and the office must be filled by appointment; or, possibly it may have been the plaintiff's theory that as the defendant could not, by reason of his ineligibility, hold the office, the plaintiff, though having a less number of votes, would be held by the court to be entitled to the office. We say "possibly," as there is nothing in the notice to indicate upon what theory the notice was drawn, other than the one that the defendant could not hold the office. The amended notice presents the theory then entertained by the plaintiff, very clearly. He, by that amended notice, claimed the office, not by virtue of the fact that he was a candidate, and received a large number of votes, but because, he then held the office by appointment from the governor, and in consequence of the alleged ineligibility of the defendant he had the right to hold over under his appointment. This was the view taken by the referee, and the court below when it affirmed the report of the referee. It will thus be seen that the amendment presented an entirely new contest, based upon entirely different grounds, except as to the ineligibility of the defendant. It presents entirely a new cause of action, which, if not allowed by way of amendment, could not have been presented, as it was barred under the statute. Anderson v. Mayers, 50 Cal. 525. In the original notice of contest the only relief prayed for was that the defendant be adjudged ineligible

to hold the office, and enjoined from discharging the duties of the same. In the amended notice the plaintiff claimed that he was entitled to the office, and demanded that he be adjudged entitled to the same. The theory and design of the statute in contest proceedings is to afford a speedy, and to some extent a summary, proceeding for settling disputed election contests, and hence the time within which the proceedings must be instituted is limited to 20 days after the result of the canvass is known. Bowler v. Eisenhood, 1 S. D. 577, 48 N. W. 136. A party within that time must determine upon what grounds he will rely, and he cannot be permitted, by amendments made subsequent to the expiration of the 20 days, to entirely change his proceedings, and claim the office himself, which he failed to do in his original notice, and place his claim upon new and distinct grounds, not set out in his original notice. We do not wish to be understood as holding that amendments which do not essentially change the grounds of the contest may not properly be made at any time when justice requires such amendments, but an amendment so radical as to virtually constitute a new contest cannot be permitted after the time limited for instituting the proceedings has expired.

That the amendment as allowed constituted an entirely new cause of action will be more apparent from an examination of the legal principles governing the original and amended notice. As has been before stated, the original notice contained no allegations upon which the plaintiff would have been entitled to the office. A candidate receiving the next highest number of votes at an election will not, by virtue of that fact, be entitled to the office, notwithstanding the candidate receiving the highest number of votes is ineligible. This doctrine seems to be supported by the weight of authority in this country, though a different rule prevails in England under certain circumstances. Mr. McCrary, in his work on Elections, after referring to numerous cases, says: "Thus it will be seen that the weight of authority in this country is decidedly against

the adoption here of the English doctrine. And we think that sound policy, as well as reason and authority, forbids the adoption of that policy in this country. It is a fundamental idea with us that the majority shall rule, and that a majority, or at least a plurality, shall be required to elect a person to office by popular vote. An election with us is the deliberate choice of a majority or plurality of the electors. Any doctrine which opens the way for minority rule in any case is anti-republican and anti-American. The English rule, if adhered to, would in many cases result in compelling very large majorities to submit to very small minorities, as an ineligible person may receive, and in many cases has received, a great majority of the votes. It is enough, in such a case, to hold the election void." McCrary, Elec. sec. 295; Com. v. Cluly, 56 Pa. St. 270; Saunders v. Haynes, 13 Cal. 145; State v. Smith, 14 Wis. 497; State v. Boal, 46 Mo., 528; State v. Vail, 53 Mo., 97; People v. Clute, 50 N. Y. 451; Opinion of the Judges, 52 Me, 597; Abbott's Case, Sen. Rep. No. 58. The learned counsel for appellant concede that this is the rule, and they do not contend that the plaintiff, under the allegations in the original notice, would have been entitled to the office. The facts stated in the amended notice, however, would entitle the plaintiff, if established, to the office, as an incumbent of an office holds over in case the candidate receiving the highest number of votes is ineligible. Const. art. 5, secs. 36, 37; Laws 1890, c. 78, sec. 2; State v. Harrison, 113 Ind. 434, 16 N. E. 384; State v. Benedict, 15 Minn. 198 (Gil. 153); State v. Sullivan (Minn.) 47 N. W. 802; Advisory Opinion (Fla.) 5 South. 613; State v. Lusk, 18 Mo. 333; Com. v. Hanley, 9 Pa. St. 513; People v. Parker, 37 Cal. 639; People v. Tilton, Id. 614; 19 Am. & Eng. Enc. Law, p. 562, and cases cited. It will thus be seen that the amended notice constituted the plaintiff's only cause of action under which he could have retained the office, assuming, without deciding, that the defendant was, under the facts stated, ineligible. The allowance of the amendment was therefore, in

effect, allowing the plaintiff to institute a new contest long after the time for giving notice of a contest had expired. Our conclusion, therefore, is that for the errors of the court in its refusal to strike out the original noties of contest, and dismissing the action, and ·in granting leave to the plaintiff to amend his notice of contest in the particulars mentioned, a new trial was properly granted. It is not necessary, therefore, to discuss or decide the other questions in the case. The order granting a new trial is affirmed.