[File No. 6540.]

NORTHERN STATES POWER COMPANY, a Minnesota Corporation, Appellant, v. BOARD OF RAILROAD COMMISSIONERS of the State of North Dakota et al., Respondents.

(279 N. W. 820.)

Opinion filed June 4, 1938.

*Nilles, Oehlert & Nilles* and *Hance H. Cleland,* for appellant.
*Chas. A. Verret,* Assistant Attorney General, for respondents.

Burr, J. This case having been placed upon the May calendar for trial appellant moved the court for continuance to the June term. This motion was resisted and upon the hearing of the motion both sides conceded the question involved the merits of an order made by the board of railroad commissioners establishing rates for electric service by a public utility, and that the case before the court involved a direct appeal to this court from said order of the board of railroad commissioners, ignoring the district court in the proceeding.

It became apparent immediately that the fundamental proposition involved was the propriety of such direct appeal, under the law and the constitution of this State. It was admitted that unless the constitution and statutes of this State authorized such appeal there was nothing for this court to consider—it being conceded that consent of the parties could not give the court jurisdiction when no jurisdiction existed.

Upon the hearing of the motion this court finds that no direct appeal from the determination of the board lies to this court and therefore made and entered the following order:

"Ordered, That the motion of the appellant for a continuance of this cause to the June, 1938 Term, be and the same is hereby denied.

"And it appearing that an appeal does not lie directly to the Supreme Court from the order of the Board of Railroad Commissioners establishing the rate for electric services by a public utility and requiring the reduction of a then existing rate; but such appeal lies to the District Court, it is

Further ordered, that the appeal herein be and the same is hereby dismissed."

At the same time it was stated that in due time, an opinion would be filed setting forth the reasons for this order of dismissal.

The board of railroad commissioners, in the exercise of the jurisdiction conferred upon it by the constitution and statutes of this State, investigated the existing rates of the appellant company for electric services in the city of Fargo, reducing the rate for one service and permitting an increase in another. The plaintiff in this case ob-

jected to the reduced rate and undertook to appeal to the district court of Cass county.

It appears it was the contention of the respondent that such appeal must be taken directly to this court and therefore the plaintiff perfected another appeal—this time to this court. Having taken this appeal and asked for a continuance it stated it could not and would not ask this court to dismiss the appeal it had so taken, and the defendant was satisfied with the appeal.

However, such unanimity of action between the parties cannot of itself confer jurisdiction upon this court to hear and determine an appeal taken in such manner, if no jurisdiction exists. It is not only the province but also the duty of this court to refrain from exercising any jurisdiction outside of that granted by the constitution and the statutes of the State. Self-limitation is as much a duty of the court as the assumption of jurisdiction when it does exist. There is no controversy over the principle "that parties cannot, by consent, give a court, as such, jurisdiction in a matter which is excluded by the laws of the land."

The rule is well set forth in 7 R. C. L. p. 1039.

This court, in an early case, Gjerstadengen v. Van Duzen, 7 N. D. 612, 616, 76 N. W. 233, 66 Am. St. Rep. 679, refers to this principle in stating "it is familiar law that consent will not vest in any tribunal power which has been withheld from it."

In State v. First State Bank, 52 N. D. 231, 202 N. W. 391, this court discusses, to some extent, the purposes and range of constitutional provisions with reference to the jurisdiction of the courts.

While it is the duty of the court to hear and determine all matters within its jurisdiction properly presented to it, foster and preserve the powers granted to it in order to carry out the spirit and intent of the fundamental law of the land, and shirk no responsibility placed upon it, it is also its duty to refrain from unlawful assumption of power. As pointed out in Murphy v. Townley, 67 N. D. 560, 568, 274 N. W. 857, 861, the court must be careful to see that the power and jurisdiction lodged in the court is not extended unduly.

Section 86 of the Constitution of this State provides: "The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be co-extensive with the

state and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

Section 87 of the Constitution vests in the Supreme Court ". . . power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have authority to hear and determine the same; provided, however, that no jury trial shall be allowed in said supreme court, but in proper cases questions of fact may be sent by said court to a district court for trial."

It is conceded by both parties that the proceedings involved in the action of the board of railroad commissioners were had under the provisions of chapter 192 of the Session Laws of 1919, being chapter 13B of the political code in the supplement (§§ 4609c1 to 4609c56, inclusive) and it is the contention of the respondents—and they insist thereon —: First, that § 86 of the constitution, giving to the supreme court "appellate jurisdiction only" is sufficiently broad to include appeals from executive boards and tribunals as well as from inferior courts; and: Second, that under the provisions of this chapter 192 of the Session Laws of 1919 provision is made expressly for direct appeal.

We need not consider the first contention. We confine ourselves entirely to a consideration of the provisions of this chapter 192.

Chapter 192 is a comprehensive act purporting to outline duties of the board of railroad commissioners with reference to the rates, charges and services of all public utilities and prescribes procedure for review by appeal. After providing for hearings before the commissioners and directing the manner of investigating and proceeding, the statute provides in § 34 thereof (§ 4609c34 of the supplement), "Any party to any controversy heard by the commissioners feeling aggrieved by the decision or by the entry of any final order of the commissioners therein may appeal therefrom (to) the district court in the district in which the hearings of the commissioners were held in the matter, by serving notice in writing on all other parties to said controversy and on the commissioners within thirty days after the rendering of said decision and entry of the final order therein by the commissioners."

. . Clearly this section contemplates the usual procedure of an appeal to the district court.

But respondents contend that § 42 of the act (§ 4609c42 of the supplement) makes a special provision for such matters as are involved herein, and after having provided for a notice of hearing to be given to the public utility affected and making provisions for a preliminary examination (§ 42 [4609c42]) provides as follows:

"The public utilities affected shall be entitled to be heard and to introduce evidence at such hearing or hearings. The commissioners are empowered to resort to any other source of information available. The evidence introduced at such hearing shall be reduced to writing and certified under the seal of the commissioners. The commissioners shall make and file their findings of fact in writing upon all matters concerning which evidence shall have been introduced before it which, in its judgment, have a bearing on the value of the property of the public utility. *Such findings shall be subject to review by the Supreme Court of this state in the same manner* and within the same time as other orders and decisions of the commissioners." (Italics ours.)

It is the contention of the respondents that this contemplates a direct appeal to this court, that in such a matter it is the only method of review, and as stated hereinbefore the term "appellate jurisdiction only" as found in § 86 of the constitution is broad enough to include an appeal from the board of railroad commissioners in the matter involved.

This contention cannot be upheld. Even if there be ambiguity in the provisions of §§ 34 (§ 4609c34) and 42 (§ 4609c42), it is our duty to attempt a reconciliation of these sections in order to ascertain and carry out the will of the legislature. Hereafter we describe these sections as numbered in chapter 192 of the session laws of 1919.

. Section 34 is a general appeal section. It is true it provides that "any party . . . *may* appeal therefrom (to) the district court . . . ." but the permissiveness of this word "may" deals with appeal in itself rather than with a choice of courts to which to appeal. The party aggrieved may submit to the ruling or may appeal as it sees fit. It is not a case of permitting an appeal to the county court, or to the district court, or to the Supreme Court as a party may elect. The party "may appeal" and in that case he appeals to the district court.

This is in harmony with all existing legislation where appeals are taken from bureaus and boards. The district court, under the provisions of § 35, determines the lawfulness of the decision appealed from, on the record made before the board of railroad commissioners. The section provides procedure for the district court and contains this further provision in subdivision (b), "The Commissioners, any public utility or person or complainant may *after the entry of judgment in the district court* in any such action, prosecute an appeal to the Supreme Court of this State. Such appeal shall be prosecuted as appeals from the judgment of the district court in civil cases except as otherwise provided in this Act. The record and testimony and exhibits, certified to by the Commissioners and filed in the district court in any such action, together with a transcript of the proceedings in the district court shall constitute the record on appeal to the Supreme Court. The general laws relating to appeals to the Supreme Court shall, so far as applicable and not in conflict with the provisions of this Act, apply to appeals taken under the provisions of this Act." (Italics ours.)

This section therefore clearly contemplates: first, an appeal to the district court and thereafter an appeal from the decision of the district court to the Supreme Court, if so desired.

The provisions of § 42 hereinbefore set forth are not in conflict with this provision. It is true that dealing with the findings of the commissioners the section says "Such findings shall be subject to review by the Supreme Court of this state *in the same manner and within the same time* as other orders and decisions of the commissioners." (Italics ours.)

There is no express provision for a direct appeal and if we take the two sections together it must be clear that the manner to be followed in the matters of appeal prescribed by §§ 34 and 35 is the manner to be followed with respect to appeals referred to in § 42.

That it was not the intention of the legislature to provide for an appeal direct to the Supreme Court is apparent from the history of the passage of this bill through the legislature.

Section 7938 of the Comp. Laws, subdivisions 58, 59 and 61, provides:

"The courts will take judicial notice:

"(1) . . .

"(58) Of the statute books and journals of the houses of the legislature.

"(59) Of the journal of each branch of the general assembly.

"(60) . . .

"(61) Of the history of every statute in its progress through the legislature."

An examination of the journals of the houses of the legislature shows this enlightening feature. The bill is House Bill No. 97. This bill as introduced, printed and considered at first provided as follows: (§ 34) "Any party feeling aggrieved by the entry of a final order, may apply to the Supreme Court of this State for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the decision or order inquired into and determined."

The same section provided, that "the provisions of the code of civil procedure of this State relating to writs of review shall, so far as applicable and not in conflict with the provisions of this Act, apply to proceedings instituted in the Supreme Court under the provisions of this section. No court of this State (except the Supreme Court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the Commissioners. . . ."

Section 42 of the Act contains the provision found in § 42 as adopted, viz.: "Such findings shall be subject to review by the Supreme Court of this state in the same manner and within the same time as other orders and decisions of the Commissioners."

It is clear that the purpose of the bill when first drafted was not only to prevent appeal to the district court but even to do away with appeals to the Supreme Court. Under this provision the only way the action of the commissioners would be examined was by certiorari, or a writ of review. These provisions did not meet with legislative approval. During the progress of the bill through the legislature it was amended as indicated by the provisions of §§ 34 and 35 as adopted. Provision was made for appeal to the district court and it is evident that it was the intent to change the first review from the Supreme Court to the district court. It would appear as if it were an oversight

to leave § 42 in its original form. Whether it was an oversight in failing to change the words "Supreme Court" in § 42 to "district court," or whether it was deemed sufficient to make the changes in §§ 34 and 35 and provide that the appeal to the Supreme Court, provided for in § 42, be in the same manner and within the same time as other appeals, is not certain. But it is clear, in either case, it was the intention of the legislature that before such a matter as this could be heard by the Supreme Court it must come up on appeal from the district court, and when review of such orders comes to this court on appeal it comes in the same manner and within the same time as appeals from other orders and decisions of the commissioners.

Thus it is not necessary for us to determine whether, in view of the language of the constitution, the legislature could confer upon this court jurisdiction to entertain appeals direct from any bureau or any official of the executive department.

Appeal dismissed.

CHRISTIANSON, Ch. J., and NUESSLE, SATHRE and MORRIS, JJ., concur.