ROONEY, Appellant, v. RICE, Respondent

(284 N. W. 864.)

(File No. 8269.   Opinion filed March 23, 1939.)

*Windsor Doherty,* of Winner, and *W. J. Hooper,* of Gregory, for Appellant.

*Chas. Milner,* of Martin, and *Sutherland & Payne,* of Pierre, for Respondent.

SMITH, J.   The question to be decided is whether an incumbent superintendent of schools, who charges that the one declared elected to hold the office for the ensuing term violated some of the provisions of sections 7371-7384, inclusive, Rev. Code of 1919, as amended by Chapters 220 and 221 of the Session Laws of 1921, commonly known as the Corrupt Practices Act, may, on his own motion, file a contest under the provisions of sections 7336 to 7347, inclusive, Rev. Code of 1919, without complying with the provisions of section 7338, supra, requiring the approval of the state's attorney or allowance by the circuit court or a judge thereof.

The learned trial court quashed the proceeding, and the contestant appeals.

That the court was without jurisdiction if, under the circumstances, appellant was required to proceed in his capacity as an elector and was therefore required to procure the signature of the state's attorney on his notice of contest or, in the event of the refusal of the state's attorney to sign, an allowance of the contest by the court or a judge thereof, is not questioned. Batterton v. Fuller, 6 S. D. 257, 60 N. W. 1071; Bronson v. Rapid City et al., 63 S. D. 408, 259 N. W. 674.

Respondent says that the issue is ruled against appellant by the case of Kundert v. City of Madison et al., 39 S. D. 43, 162 N. W. 898, 900. In that case an incumbent city commissioner brought a contest against one declared elected to succeed him, on the ground that the defendant had violated the Corrupt Practices Act. In the course of the opinion, this court said: "Some question is raised as to the necessity of the signature or approval of the state's attorney to the notice of contest. This is a contest seeking to have an election declared void on grounds of public policy. The appellant can have no more interest in the matter than any other elector. It was in his capacity as an elector only that appellant is authorized by law to institute this contest. It therefore necessarily follows that the signature or approval of the state's attorney was necessary."

It is said by appellant that the foregoing statement was not necessary to the decision in Kundert v. City of Madison et al., supra, and that, in the light of the phrasing of section 7336, Revised Code of 1919, the viewpoint can not be supported. Section 7336 supra reads in part as follows: "Any candidate or person claiming the right to hold an office contested ,or any elector of the proper county desiring to contest the validity of an election or the right of any person declared duly elected to any office in such county, shall give notice thereof in writing to the person whose election he intends to contest, * * *."

Section 7338, Revised Code of 1919, reads as follows: "The contest provided for in this article may be brought by a candidate or person claiming the office, on his own motion, in his own name as plaintiff, but such contest cannot be brought by an elector unless the notice is signed by the state's attorney of the proper county, or, upon his refusal so to sign the notice of contest, the contest may be allowed by the circuit court or judge thereof."

'The precise contention of appellant is that the words "person claiming the right to hold an office contested," are descriptive of him as the incumbent. With this contention we do not agree.

This court had occasion to consider the meaning of the word "candidate," as used in this same section, in the case of Batterton v. Fuller, supra. It was there said [6 S. D. 257, 60 N. W. 1073] : "It is true, the plaintiff does state in his notice that he was a candidate for the same office as the defendant, and received a certain number of votes, but he makes no claim to the office himself. The manifest intention of the legislature in providing for election contest proceedings was to permit a candidate who claims a right to the office, or of any person who claims a right to the office in place of the one declared elected, to institute proceedings in his own name, and to require of any other person who desires to contest the election to do so with the sanction of the state's attorney or the circuit court or judge thereof. One who institutes the proceedings as a candidate must not only state facts showing that he was such candidate, but he must show that he claims a right to the office also. This, in our opinion, is the proper construction of the statute. A party who has been a candidate and defeated, and who does not claim the office, cannot have any more interest in instituting a contest with the successful candidate than any other elector, and it could not have been the intention of the legislature to subject the successful candidate to the expense of a contest at the mere will and pleasure of a competitor for the office, who makes no claim of a right to it himself."

The soundness of this construction of the statute is too evident to justify debate. It follows that to qualify as a party contestant in his own name and of his own motion, one must not only be a "person claiming the right to hold" the office, but he must claim to hold it during the term at stake in the election.

With this construction in mind, we direct our attention to the situation of appellant. That he does not expressly assert a right to the term for which respondent was declared elected must be admitted. More than that, the facts he alleged conclusively establish that appellant in fact has no interest in the term in question. He alleges that respondent was elected, but asserts that her term is forfeit because she has violated the Corrupt Practices Act. However, if the prayer of this notice of contest were to be

granted, the judgment entered would create no right in the appellant. It only would result in a vacancy. Section 7380, Rev. Code of 1919, reads as follows: "Any person elected to any office, who shall be proven in a contest of such election or in any other manner provided by law to have violated any provision of this chapter, shall forfeit his office, and such office shall be declared vacant and shall be filled in the manner provided by law for filling vacancies occasioned by death or resignation."

Such a vacancy would have been filled by the Board of County Commissioners. Section 14, Chapter 138, Session Laws of 1931.

Thus it clearly appears that appellant's interest in the outcome of the attempted contest is but an interest in common with other electors of the county. Therefore his attempt to contest must fail because not brought with the sanction of the state's attorney, or the circuit court or judge thereof.

The authorities urged upon us by appellant all present fact situations which establish the right of the contestant (incumbent) to hold over during the ensuing term, and for that reason are clearly distinguishable from the case at bar.

The judgment of the trial court is affirmed.

All the Judges concur.