In the Matter of the Contested Election of William S. MURRAY for the Nomination for the Office of Associate Justice of the North Dakota Supreme Court.

Lee FRAASE, Contestant and Appellant,

v.

William S. MURRAY and Ben Meier, as Secretary of State of the State of North Dakota, Respondents.

No. 8376.

Supreme Court of North Dakota.

Oct. 13, 1966.

Reichert, Greenwood & Swanson, Dickinson, for appellant.

Zuger, Zuger & Bucklin, Bismarck, for respondent William S. Murray.

Paul M. Sand, Asst. Atty. Gen., Bismarck, for respondent Ben Meier.

PER CURIAM.

The appellant has brought these proceedings to contest the validity of the contestee's nomination for the office of a Judge of the Supreme Court on the no-party ballot and to have himself declared a nominee to such office at the ensuing general election.

Upon institution of this proceeding in district court, an ex parte order restraining the placing of respondent William S. Murray's name on the general election ballot was issued. The district court, upon hearing the matter and after considering the proceeding on its merits, as well as the issue of jurisdiction, found that said respondent did not violate the Corrupt Practice Act of this State, and by order dismissed the special proceeding and restraining order issued upon commencement thereof. The issues as presented in the district court were preserved of record, and this proceeding is before this court, according to contestant-appellant's demand, for trial de novo.

We have carefully examined the petition of the contestant and the returns of the contestee and Secretary of State thereto. We have considered and analyzed the issues presented thereby, upon appeal, for decision by this court. We have also reviewed the pertinent provisions of our statutes and the decisions construing them, together with the controlling principles of law applicable to and decisive of the questions presented for decision; and, as a result thereof, we find and determine that this appeal presents only three questions for decision. They are:

(1) Does the right exist in this State to contest the validity of a nomination, obtained in the primary election, for the office of Judge of the Supreme Court on the no-party ballot, on the ground that such nomination was secured through a violation of the Corrupt Practice Act of this State?

(2) Does appellant have a special interest in or legal right to contest the validity of the nomination here in issue? and

(3) If not, does this court have jurisdiction to decide the question of the validity of such nomination upon the merits?

Manifestly the first question involves a consideration and interpretation of Sections 16–15–01.1 and 16–20–22, N.D.C.C. These statutes are clear, certain, and definite in their terms; they are free and clear from doubt and ambiguity in their meaning and legal effect.

■ It is true that Section 16–15–01.1, supra, relates to contesting the validity of elections to state offices, but we are of the opinion it applies with equal force to a contest of nomination to state office on the no-party ballot because the challenge of the validity of a nomination obtained at the primary election constitutes a challenge of the validity of a state-wide election.

State ex rel. Lanier v. Hall, 74 N.D. 426, 23 N.W.2d 44.

■ We are of the opinion that, when these statutes are construed together with the general provisions of our law relating to the contest of the validity of an election, they authorize and confer the right to contest the validity of a nomination obtained in the primary election for the office of Judge of the Supreme Court on the no-party ballot, on the ground that such nomination was obtained through a violation of the Corrupt Practice Act of this State.

This brings us to the second question, whether the appellant has a special interest in or a legal right to contest the validity of the nomination here in issue.

Section 16–15–01.1 designates the parties who can contest the validity of a nomination for State office. It provides in clear and specific terms that the validity of such nomination can be challenged and contested only: (1) by a person claiming such nomination in his own name as petitioner; and (2) by any other person who has obtained the approval of the Attorney General or, in case of his absence or refusal, the approval of a District Judge of Burleigh County indorsed upon the notice of contest.

A careful examination of the appellant's petition shows that he has not expressly claimed that he has a special interest in or a legal right to a certificate of nomination to the office of Judge of the Supreme Court on the no-party ballot at the ensuing general election. The only reference to such right is found in his prayer for relief, that he be declared nominated to said office and entitled to have his name placed on the ballot in the general election for said office.

■ The sufficiency of a complaint or petition in a special proceeding must be determined by the averments of fact and not by the prayer for relief. The prayer for relief does not constitute a part of the complaint or petition or a statement of the cause of action or of the right to the relief prayed for. State ex rel. Coan v. Plaza Equity Elevator Co., 65 N.D. 658, 261 N.W. 46.

■ The jurisdictional facts must appear on the face of the petition and notice of contest.

Rooney v. Rice, 66 S.D. 424, 284 N.W. 864;

Hancock v. Lewis, 265 Minn. 519, 122 N.W.2d 592;

26 Am.Jur.2d Elections § 328 (1966).

But even if we supply the deficiency in the petition so as to imply and infer that the appellant claims that he has a right to a certificate of nomination to the office here in issue because he admittedly received the third highest vote as such nominee at the primary election, we are convinced that the appellant cannot claim a special interest in or a legal right to such nomination under Section 16–08–04, N.D.C.C., because such theory is untenable as a matter of law.

■ In this state a minority candidate cannot claim the right to the nomination to

an office upon disqualification of one of the nominated candidates. Such a vacancy, if it should exist by reason of disqualification of a nominated candidate, shall be filled by the filing of appropriate petitions, as provided by law. §§ 16–05–07, 16–08–06, 16–05–08, N.D.C.C.

■ We conclude and determine, therefore, that the appellant cannot claim that he has a special interest in or a legal right to the nomination here in issue on the no-party ballot, on the theory that he received the third highest vote for such nomination.

■ Further, the record shows without dispute that the appellant has not claimed or proved that he obtained the approval of the Attorney General or of a Judge of the District Court of Burleigh County, as required by statute, to institute and to maintain this special proceeding. Therefore, it follows that the validity of these proceedings cannot be sustained.

We now come to the third and final question: Notwithstanding lack of a special interest by the appellant, nevertheless does this court have jurisdiction over the subject matter of these proceedings, to determine the validity of the nomination involved herein upon the merits?

It is the law of this State that:

■ (1) Every court of general jurisdiction has the power to determine whether the conditions essential to its exercise of jurisdiction exist.

■ (2) Jurisdiction means the power to inquire into the facts, to apply the law, and to determine and pronounce judgment.

■ (3) The "subject matter of a suit," when reference is made to questions of jurisdiction, means nature of the cause of action, and the relief sought.

■ (4) Jurisdiction of the subject matter is derived solely from the law and can in no event be conferred by consent of the parties.

In the case of Northern States Power Co. v. Board of Railroad Comm'rs, 68 N.D. 367, 279 N.W. 820, 821, the following language was employed by the Supreme Court:

* * * [S]uch unanimity of action between the parties cannot of itself confer jurisdiction upon this court to hear and determine an appeal taken in such manner, if no jurisdiction exists. It is not only the province but also the duty of this court to refrain from exercising any jurisdiction outside of that granted by the constitution and the statutes of the State. Self-limitation is as much a duty of the court as the assumption of jurisdiction when it does exist. There is no controversy over the principle "that parties cannot, by consent, give a court, as such, jurisdiction in a matter which is excluded by the laws of the land".

See also: In re Edinger's Estate, 136 N.W.2d 114 (N.D.1965); King v. Menz, 75 N.W.2d 516 (N.D.1956); Woolsey v. Security Trust Co., 5 Cir., 74 F.2d 334, 97 A.L.R. 1081; 14 Am.Jur. Courts § 184 (1938); 21 C.J.S. Courts § 85 (1940).

■ Bearing these basic principles of law in mind, we find and determine that the right to contest the nomination for a state office and the procedure prescribed for such contest in this state is purely statutory, that the provisions of our statutes relating to such contests are mandatory and jurisdictional, and that a substantial compliance with the requirements thereof is essential to the jurisdiction of the court over the subject matter of such proceedings.

It is elementary that both the right to contest an election and the authority of courts to hear and determine an election contest are purely statutory; and, ab-

sent statutory compliance, courts are powerless to entertain such proceedings.

Christenson v. Allen, 264 Minn. 395, 119 N.W.2d 35, at 38.

Cahill v. McDowell, 40 N.D. 625, 169 N.W. 499; Bronson v. Rapid City, 63 S.D. 408, 259 N.W. 674, 678;

Rooney v. Rice, 66 S.D. 424, 284 N.W. 864;

Montoya v. McManus, 68 N.M. 381, 362 P.2d 771;

Sutton v. Anderson, 176 Neb. 543, 126 N.W.2d 836, 838;

In re Youngdale, 232 Minn. 134, 44 N.W. 2d 459;

29 C.J.S. Elections § 247 (1965);

26 Am.Jur.2d Elections § 328 (1966).

Because the contestant-appellant has failed to plead or prove the existence of the jurisdictional requirements to bring himself within the terms of the statute authorizing such contest, he cannot contest the validity of the nomination here in issue. Consequently, this court has no jurisdiction over the subject matter of these proceedings; therefore, we do not reach and cannot decide the question of whether respondent William S. Murray violated the Corrupt Practice Act.

It follows that the judgment of the district court dismissing these proceedings must be and hereby is affirmed.

TEIGEN, C. J., and STRUTZ, ERICKSTAD, KNUDSON and MURRAY, JJ., deeming themselves disqualified, did not participate, CLIFFORD SCHNELLER, ROY K. REDETZKE, ROY A. ILVEDSON, C. F. KELSCH and DOUGLAS B. HEEN, District Judges, sitting in their stead.